UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES EDWARD CURTIS,

               Plaintiff,

v.                                           Case No. 19-cv-417-pp

WISCONSIN DEPARTMENT OF CORRECTIONS,
JENNIFER ARNDT, LISA SCHWARTZ,
LISA JESCHKE, GENESIS BEHAVIORAL SERVICES, INC.,
CINDY, LORI H., DONNIE, and DELNITA THOMAS,

               Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), GRANTING PLAINTIFF'S MOTION TO SCREEN COMPLAINT (DKT. NO. 21) AND SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

---

      James Edward Curtis, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. Dkt. No. 1. A couple of months later, he filed an amended complaint. Dkt. No. 11. Federal Rule of Civil Procedure 15 says that a plaintiff may amend his complaint once without the court's permission within twenty-one days of the date the defendants respond to the complaint. The plaintiff filed his amended complaint before the court had screened the original complaint, so the defendants have not been served with the complaint nor have they responded to the complaint. That means that the plaintiff could amend his complaint without the court's permission. The court deems the amended complaint the operative complaint.

1

In January of this year, the court received from the plaintiff a motion asking the court to screen the complaint. Dkt. No. 21. That motion accidentally got filed in a different case, but now is correctly on the docket for this case. The court, through this order, grants that motion and screens the amended complaint, dkt. no. 11, as well as resolving the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

When the plaintiff filed his complaint, he was staying at a treatment facility in Kenosha, Wisconsin called Genesis Behavior Services, Inc. Dkt. No. 1 at 1. It appears that the plaintiff was given an option of staying at the Kenosha County Jail or receiving treatment at Genesis. According to the plaintiff, defendant Lisa Schwartz (the plaintiff's probation agent) entered an order transferring the plaintiff from the jail to Genesis. Dkt. No. 11 at 5. The plaintiff explains that he was not allowed to leave the facility; if he did, a warrant would be issued for his arrest. Id. at 6. Services at Genesis are funded, in part, by the Department of Corrections (DOC), see http://gbswi.com (last visited April 27, 2020); however, Genesis is not a DOC facility, see https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/AdultFacilities.aspx.

It is not clear whether the Prison Litigation Reform Act (PLRA) applies to this case. The PLRA applies to cases filed by plaintiffs who are "prisoners" when they file their complaints. See 28 U.S.C. §1915(h). "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal

2

law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Id. As mentioned, Genesis is not a DOC facility, although it receives some funds from the DOC. Also, although the plaintiff was told he could not leave the facility—implying he was being detained—he was also told that if he left the facility, a warrant would be issued for his arrest—implying that he wasn't being detained but *would be* detained if he chose to leave Genesis.

Under the PLRA, a prisoner plaintiff may proceed with his case without prepaying the civil case filing fee (also called proceeding *in forma pauperis*). 28 U.S.C. §1915(a)(2). Non-prisoners who are unable to afford the filing fee have that same opportunity. 28 U.S.C. §1915(a)(1). The difference is that, for a *prisoner* proceeding *in forma pauperis*, when funds exist in his prison trust account, he must pay an initial partial filing fee and he must pay the remainder of the fee over time through mandatory deductions from his prison trust account. 28 U.S.C. §1915(b)(1). Non-prisoners proceeding *in forma pauperis* do not have to pay an initial partial filing fee and they may pay the filing fee over time as they are able.

On April 16, 2019, U.S. Magistrate Judge William Duffin (to whom the case was assigned at that time) found that the plaintiff had neither the assets nor the means to pay an initial partial filing fee, so he waived the plaintiff's obligation to pay one. Dkt. No. 6 at 3. Judge Duffin did not address whether the PLRA applied to the plaintiff's case. He gave the plaintiff until May 6, 2019 to notify the court if he wanted to voluntarily dismiss his case. Id. at 4. Judge

3

Duffin stated that, after May 6, 2019, the court would determine whether the plaintiff could proceed *in forma pauperis*. Id.

On April 24, 2020, the plaintiff filed a notice of change of address. Dkt. No. 19. He is no longer incarcerated. According to the DOC online inmate locator, the plaintiff was released to extended supervision on April 21, 2020. See https://appsdoc.wi.gov/lop/detail.do.

The court need not determine at this point whether the PLRA applies to the plaintiff's case because, practically speaking, that determination has no impact on the plaintiff's obligation to pay the remainder of the filing fee. Because the plaintiff no longer is incarcerated, he does not have a prison trust account from which mandatory deductions can be taken. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and will require him to pay the $350 filing fee over time as he is able, just as a non-prisoner proceeding *in forma pauperis* would be required to do.

**II.     Screening the Complaint**

  A.     Federal Screening Standard

The court must screen complaints brought by plaintiffs who are proceeding *in forma pauperis*. 28 U.S.C. §1915(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e).

To state a claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

Additionally, under Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Under Federal Rule of Civil Procedure 20, suing multiple defendants in the same case is proper only if "any right to relief . . . aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" and the questions of law or fact are common to all defendants. Fed. R. Civ. P. 20(a)(2).

B.  Analysis

The amended complaint violates Fed. R. Civ. P. 18 and 20 because it states unrelated claims against different sets of defendants. The plaintiff has sued the Wisconsin DOC and three of its employees: 1) Jennifer Arndt, a probation/parole supervisor; 2) Lisa Schwartz, a probation/parole agent; and 3) Lisa Jeschke, the Regional #2 probation/parole agent (the State employees).

5

Dkt. No. 11 at 2. He also has sued Genesis Behavior Services, Inc. Options and four of its employees: 1) Cindy, the resident assistant; 2) Lori H., a counselor/"AS SAC"; 3) Donnie, a resident assistant; and Delnita Thomas, a program coordinator (the Genesis employees). Id.

Against the State employees, the plaintiff generally alleges that they forced him to leave the jail and go to Genesis in retaliation against him for the many complaints he had filed against them. Dkt. No. 11 at 4-5. He also alleges that after he completed the program at Genesis and was released to active supervision, they again retaliated against him by having him arrested and having his probation revoked based on false charges. Id. at 12-13.

Against the Genesis employees, the plaintiff generally alleges that they forced him to live in unsanitary and hazardous conditions (id. at 6, 11-12), denied him freedom to see doctors and fill prescriptions to treat the flu, a tooth ache and an eye condition (id. at 7-11), denied him opportunities to practice his religion (id. at 8, 12) and treated him differently than they treated other clients staying at the Genesis facility (id. at 7).

The plaintiff attempts to connect his claims against the State employees and the Genesis employees by alleging that the State employees forced him to go to Genesis and therefore were responsible for the conditions he allegedly endured while there. See id. at 5-6. He also alleges that he complained to the State employees about the conditions at Genesis and that the only relief they provided was to give him the option of going back to jail. Id. at 8-9. These

6

allegations are not enough for the court to find that the plaintiff's claims against the two sets of defendants arise out of the same events or incidents.

The plaintiff cannot state a claim against the State defendants for the conditions of his confinement at Genesis. The long-settled rule is that "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). The State employees are not liable for the Genesis employees' alleged misconduct.

The plaintiff's suggestion that once the State employees knew about the alleged violations, they were obligated to remedy them, also fails. The Seventh Circuit has explained that "Section 1983 establishes a species of tort liability, and one distinctive feature of this nation's tort law is that there is no general duty of rescue." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). The State employees did not create the conditions at Genesis, and because Genesis is not a DOC facility, they had no authority to remedy them, so they cannot be liable for the Genesis employees' alleged misconduct. The State employees *did* provide the plaintiff with a possible solution: they told him he could leave the program at Genesis and instead choose to be incarcerated. This is the not the solution the plaintiff wanted, but it was the one the State employees had the power to offer. The plaintiff's rejection of that offer does not mean the State employees become liable for the conditions allegedly created by the Genesis employees.

7

The plaintiff cannot pursue his claims against the State employees and his claims against the Genesis employees in the same case. The Seventh Circuit has instructed courts to reject a complaint that violates Rules 18 and 20 "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Before doing either of those things, the court will give the plaintiff an opportunity to choose which set of defendants he wants to proceed against in this case. He must file a second amended complaint containing only related claims against either the State defendants or the Genesis defendants. If the plaintiff wants to pursue his claims against the both sets of defendants, he must file a separate complaint. If the plaintiff does not file a second amended complaint, the court will screen the plaintiff's claims against the State defendants only and will dismiss his claims against the Genesis defendants on the ground that those defendants and claims are improperly joined in his amended complaint.

The plaintiff's second amended complaint does not have to be long, nor should it contain every detail of every interaction he had with a particular defendant. Under Fed. R. Civ. P. 8, the complaint need only contain a short, plain statement that gives the defendants notice of what the plaintiff believes they did or did not do to violate his constitutional rights. The court will enclose a blank complaint form with this order. The plaintiff must use it. If he thinks he need additional space, he may attach up to five additional double-spaced pages.

A second amended complaint will take the place of the amended complaint, so it must be complete in and of itself. The plaintiff may not refer the court back to his original or amended complaints. Instead, he must repeat in the second amended complaint any of the facts from his prior complaints that are necessary to state his claims. Because the plaintiff is proceeding *in forma pauperis,* the court will screen his second amended complaint, if he files one.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff must pay the $350 filing fee over time as he is able. He must clearly identify the payments by the case name and number. He must mail his payments to the Office of the Clerk, United States District Court for the Eastern District of Wisconsin, 362 United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202.

The court **GRANTS** the plaintiff's motion to screen the complaint. Dkt. No. 21.

The court **CONCLUDES** that the plaintiff's amended complaint violates Federal Rules of Civil Procedure 18 and 20. Dkt. No. 11.

The court **ORDERS** that the plaintiff may file a second amended complaint that complies with the instructions in this order. If the plaintiff chooses to file a second amended complaint, he must do so in time for the court to receive it by **October 23, 2020**. If the court receives the second amended complaint by the above deadline, the court will screen it. If the court

9

does not receive a second amended complaint by the deadline, the court will screen only the amended complaint's claims against the State defendants and will dismiss the Genesis defendants based on the plaintiff's improper joinder of them.

The plaintiff must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

The court includes with this order a copy of the guide entitled, "Answers to Pro Se Litigants' Common Questions" and a blank complaint form.

Dated in Milwaukee, Wisconsin, this 28th day of September, 2020.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge

10

Case 2:19-cv-00417-PP   Filed 09/28/20   Page 10 of 10   Document 22