UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES EDWARD CURTIS,

        Plaintiff,

v.

        Case No. 19-cv-417-pp

WISCONSIN DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 11)**

James Edward Curtis, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. At the time he filed the complaint, the plaintiff was in inpatient treatment at Genesis Behavioral Health. Dkt. No. 1 at 1.

Two months later, the plaintiff filed an amended complaint. Dkt. No. 11. By that time, he was at the Kenosha County Detention Center. Id. at 1; Dkt. No. 8. On September 28, 2020, the court granted the plaintiff's motion for leave to proceed without prepaying the filing fee and screened the amended complaint under 28 U.S.C. §1915(a). Dkt. No. 22. The court found that the amended complaint violated Federal Rules of Civil Procedure 18 and 20 because it stated unrelated claims against different sets of defendants. Id. at 5. Specifically, the court determined that the plaintiff's claims against the Wisconsin Department of Corrections (DOC) defendants could not be brought

1

in the same case as his claims against the Genesis Behavioral Health Services, Inc. (Genesis), defendants. Id. at 6-8. The court gave the plaintiff a deadline of October 23, 2020 by which to file an amended complaint that selected which claims he wanted to pursue in this case; the court told the plaintiff that if he did not file the amended complaint by the deadline the court set, the court would "screen only the amended complaint's claims against the State [DOC] defendants and . . . dismiss the Genesis defendants based on the plaintiff's improper joinder of them." Id. at 10.

On October 26, 2020, the court received from the plaintiff a timely request to extend by seven days the deadline for filing his second amended complaint. Dkt. No. 23. By this time, the defendant had been released from custody and had advised the court that his address was 2217 54th Street, Kenosha, WI. Id. at 2; Dkt. No. 19. The court granted that request, giving the plaintiff a deadline of December 18, 2020 by which to file the amended complaint. Dkt. No. 24. The court reiterated that if the plaintiff did not file an amended complaint by December 18, 2020, it would screen only his claims against the DOC defendants and would dismiss his claims against the Genesis defendants. Id. at 2-3.

Over a month has passed since the December 18, 2020 deadline, and the plaintiff has not filed a second amended complaint. The court will screen his claims against the DOC defendants and will dismiss the Genesis defendants (Genesis Behavioral Services, Inc., Cindy, Lori H., Donnie, Delnita Thomas) without prejudice.

A. Federal Screening Standard

The court must screen complaints brought by plaintiffs who are proceeding with prepaying the filing fee. 28 U.S.C. §1915(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e).

To state a claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

B. Plaintiff's Allegations Against the DOC Defendants

The plaintiff has sued the Wisconsin DOC and three of its employees: 1) Jennifer Arndt, a probation/parole supervisor; 2) Lisa Schwartz, a probation/parole agent; and 3) Lisa Jeschke, the Regional #2 probation/parole agent. Dkt. No. 11 at 2. The plaintiff generally alleges that the DOC defendants signed an alternative to revocation ("ATR") to put him in the inpatient facility at Genesis in retaliation against him for the many complaints he had filed against them alleging that his constitutional rights had been violated. Dkt. No. 11 at 4-

3

5. He also alleges that after he completed the program at Genesis and was released to active supervision, the defendants again retaliated against him by having him arrested and having his probation revoked based on false charges. Id. at 12-13.

The plaintiff alleges that on December 5, 2018, Schwartz and Arndt signed off on an "ATR document" to place him in an inpatient treatment facility at Genesis where his rights were continually violated, in retaliation for many complaints the plaintiff filed against them. Id. at 4-5. The plaintiff states that Schwartz, Arndt and Jeschke had a duty under Wisconsin state law to assure that the plaintiff's care and safety would be provided for and that the plaintiff actually met the profile to be treated in such a facility. Id. at 5. The plaintiff states that he did not meet that profile and that the defendants deliberately failed to provide him with care and safety. Id. He also states that Schwartz and Arndt refused to provide him with a factual basis as to what they relied on to place him in such a treatment facility. Id.

The plaintiff alleges that on December 19, 2018, Schwartz had him transferred from the Kenosha County Jail to Genesis. Id. The plaintiff states that he had sent Schwartz and Arndt a notice to withdraw from the ATR and an affidavit, but they ignored them. Id. According to the plaintiff, the DOC, Schwartz and Jeschke restricted his movement at Genesis so that he could not leave the living unit unless he had an emergency medical condition and, if he did, he would be arrested and go to jail. Id.

The plaintiff alleges that on March 19, 2019, he completed the program at Genesis and was released. Id. at 12. He says he saw Schwartz on March 26, 2019, at which time he signed a document for aftercare. Id. He returned to see Schwartz on April 1, 2019. Id. The plaintiff states that he had filed two complaints against Schwartz before seeing him on April 1, 2019 (one on March 26 and another one on April 1). Id. He says that on April 1, 2019, Schwartz (and Delnita Thomas) retaliated against him for filing complaints and grievances against them and that Schwartz had the plaintiff arrested. Id. The plaintiff alleges that Schwartz filed another false violation against him on April 8, 2019. Id. The plaintiff asserts that the defendants violated his rights by fabricating allegations in documents to have him arrested, in retaliation against him for complaints of their misconduct. Id. Thomas allegedly created a fabricated statement on April 1, 2019 and submitted documents to Schwartz as evidence of the plaintiff's criminality. Id. Schwartz allegedly submitted the documents into evidence deliberately and with a total disregard for the truth, to deceive the administrative law judge. Id. The plaintiff states that Schwartz has a DOC Discharge Termination Summary from Genesis submitted by Thomas, contradicting Thomas' April 1, 2019 statement "indicating fraud, fabrication and conspiracy in retaliation against [the plaintiff] to have [the plaintiff] revoked and falsely imprisoned for his complaints of his rights being violated by both Ms. Thomas and Lisa Schwartz." Id.

For relief, the plaintiff seeks monetary damages. Id. at 14. He also seeks "90 days towards his custody sentence for being housed in an inpatient facility

under the Department of Correction where his movement was restrained and limited by agents of the Wisconsin Department of Corrections restricted to the Options facility." Id.

   C.   Analysis

As explained above, the court will not allow the plaintiff to proceed on claims based on allegations related to the conditions at Genesis or his medical care there.

The plaintiff may not proceed against the Wisconsin Department of Corrections because it is entitled to sovereign immunity and is immune from suit. See Mayhugh v. State, 364 Wis. 2d 208, 224 (2015).

The plaintiff claims that the DOC defendants, and Genesis defendant Thomas, retaliated against him for complaints he filed against them. First, the plaintiff alleges that on December 5, 2018, Schwartz and Arndt signed off on an "ATR document" (presumably, alternative to revocation) for his transfer to an inpatient treatment facility, Genesis, where his rights were violated, in retaliation for complaints he had filed against them. The plaintiff also alleges that Schwartz and Jeschke restricted his movement at Genesis so that he could not leave the living unit unless he had an emergency medical condition and, if he did, he would be arrested and go to jail. Second, the plaintiff alleges that after he completed the program at Genesis and was released, Schwartz and Thomas fabricated and submitted false documents to the administrative law judge to have the plaintiff arrested and returned to prison, in retaliation for complaints and grievances he filed against them.

To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

At this early pleading stage, the plaintiff may proceed on his retaliation claims against the DOC defendants and against defendant Delnita Thomas. The court advises the plaintiff that while pleading a retaliation claim is relatively easy, proving one can be difficult. In addition, the court advises the plaintiff that the rule from Heck v. Humphrey, 512 U.S. 477, 487 (1994) (where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence), may require dismissal of his claims without prejudice. However, the court cannot determine at the pleading stage whether Heck bars his claims.

## II. Conclusion

The court **DISMISSES WITHOUT PREJUDICE** defendants Wisconsin Department of Corrections, Genesis Behavioral Services, Inc., Cindy, Lori H. and Donnie.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the amended complaint, dkt. no. 11, and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Jennifer Arndt, Lisa Schwartz, Lisa Jeschke and Delnita Thomas. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to continue to promptly notify the court if he changes addresses or goes back into custody. The plaintiff's failure to keep the court

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 1st day of February, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**