JAMES EDWARD CURTIS,

                    Plaintiff,

v.                                                 Case No. 19-cv-417-pp

JENNIFER ARNDT, LISA SCHWARTZ,
LISA KUCHARSKI, *formerly known as* Lisa Jeschke,
and DELNITA THOMAS,

                    Defendants.

**ORDER GRANTING DEFENDANT THOMAS'S MOTION FOR JOINDER (DKT. NO. 41), GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO TWO CLAIMS (DKT. NO. 39), DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (47) AND DENYING PLAINITFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 48)**

Plaintiff James Edward Curtis, who is representing himself, filed an amended complaint alleging that the defendants violated his civil rights. Dkt. No. 11. The court allowed the plaintiff to proceed on the following claims that the defendants retaliated against him for complaints and grievances he filed against them: (1) Lisa Schwartz and Jennifer Arndt signed off on an "ATR [Alternative to Revocation] document" for the plaintiff's transfer to an inpatient facility, Genesis; (2) Schwartz and Lisa Kucharski restricted his movement at Genesis so that he could not leave the living unit unless he had an emergency medical condition; and (3) after the plaintiff's release from Genesis, Schwartz and Delnita Thomas fabricated and submitted false documents to the administrative law judge to have the plaintiff arrested and returned to prison. Dkt. No. 25 at 6.

1

On July 23, 2021, defendants Arndt, Kucharski and Schwartz (the state defendants) filed a motion for judgment on the pleadings as to the plaintiff's first and third claims. Dkt. No. 39. Defendant Thomas, who is represented by separate counsel, filed a motion to join the state defendants' motion for judgment on the pleadings. Dkt. No. 41. In support of their motion, the state defendants contend that the doctrine of *res judicata* bars the plaintiff's claim against Schwartz and Arndt related to the ATR. Dkt. No. 40 at 3-5. They also argue that Heck v. Humphrey, 512 U.S. 477 (1994) bars the plaintiff's claim that Schwartz and Thomas fabricated and submitted false documents to the administrative law judge to have the plaintiff arrested and returned to prison. Dkt. No. 40 at 5-8. The plaintiff's response to the state defendants' motion was due on August 12, 2021.

August 12, 2021 came and went, and the plaintiff did not file a response to the motion for judgment on the pleadings. Instead, on October 13, 2021 and November 4, 2021, he filed motions to stay the case. Dkt. Nos. 44, 45. On November 10, 2021, the court denied as moot the plaintiff's motions to stay (because the court previously had granted the defendants' motion to stay case deadlines pending resolution of their motion for judgment on the pleadings) and gave the plaintiff an extension of time to respond to the state defendants' motion for partial judgment on the pleadings. Dkt. No. 46. The court stated that if the plaintiff believed his appeal in the case referenced in his motions to stay (Case 2021AP833) somehow prevented the court from resolving the state defendants' motion for judgment on the pleadings, he could explain that

2

Case 2:19-cv-00417-PP   Filed 02/07/22   Page 2 of 10   Document 49

argument in his response. Id. at 4. The court ordered that if the plaintiff did not file his response to the state defendants' motion for judgment on the pleadings by the end of the day on December 3, 2021, the court would decide the motion without input from the plaintiff.

The December 3, 2021 deadline passed, and the plaintiff did not file a response to the state defendants' motion for judgment on the pleadings. Almost a month later, on January 21, 2022, defendants Arndt, Kucharski and Schwartz filed a motion asking the court to dismiss the case for the plaintiff's failure to prosecute. Dkt. No. 47. On January 31, 2022—a month after the most recent deadline the court had set for the plaintiff to respond and five and a half months after the original August 12, 2021 deadline had passed—the court received from the plaintiff a motion for extension of time, indicating that he "now" was ready to "prosecute this case." Dkt. No. 48.

The court will deny the plaintiff's most recent motion for an extension of time, treat the defendants' motion as unopposed and decide the motion without a response from the plaintiff.

I.  **Motion for Extension of Time (Dkt. No. 48)**

In its November 10, 2021 order, the court told the plaintiff that he must respond to the defendants' motion by December 3, 2021. Dkt. No. 46 at 4. The court noted that the plaintiff had not asked for an extension of time—he'd asked for stay of the proceedings. Id. Even though the plaintiff had not asked for an extension of time, the court gave him one, "[b]ased on [his] assertion that his recent hospitalizations ha[d] prevented him from filing a timely response . .

3

. ." Id. The court told the plaintiff that that if he did not file his response to the defendants' motion for judgment on the pleadings by the deadline it set, the court would resolve the motion as unopposed (that is, without considering a response from the plaintiff). Id. at 4.

The court issued that order November 10, 2021; the deadline it set for the plaintiff to respond was December 3, 2021—over three weeks later. The plaintiff could have filed a motion before December 3, 2021, asking for more time. He did not. He could have filed a motion between December 3, 2021 and January 21, 2022, when the state defendants filed their motion to dismiss. The plaintiff waited until after the state defendants had filed their motion—a month after his response was due and five months after the original deadline—to file this most recent request for an extension of time. Though the plaintiff has stated in three pleadings that "health problems" and "hospitalizations" prevented him from timely responding to the defendants' motion, he has yet to explain the nature of his health problems. The plaintiff has had months to respond to the defendants' motion and has neither done so nor timely requested more time. The court will deny the motion.

## II. State Defendants' Motion for Judgment on the Pleadings

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion is evaluated under the same standards that govern a Rule 12(b)(6) motion to dismiss; the court

4

accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. See Lodholtz v. York Risk Servs. Grp., 778 F.3d 635, 639 (7th Cir. 2015) (citations omitted).

  B. Amended Complaint Allegations

  Defendants Lisa Schwartz and Jennifer Arndt are probation/parole agents in the Wisconsin Department of Corrections Division of Community Corrections. Dkt. No. 11 at 2. As it relates to his first claim, the plaintiff alleges that on December 5, 2018, Agents Schwartz and Arndt signed off an ATR (alternative to revocation) document to place the plaintiff in an inpatient facility at Genesis Behavior Services. Id. at 4. The plaintiff alleges that they did so out of retaliation for his "numerous complaints of misconduct." Id.

  Regarding his third claim, the plaintiff alleges that on March 19, 2019, he completed the program at Genesis and was released. Id. at 12. He alleges that on April 1, 2019, Schwartz and Delnita Thomas retaliated against him for filing complaints and grievances against them and that Schwartz had him arrested. Id. He further alleges they filed a "false violation" against him, in retaliation for his complaints of their misconduct. Id. Schwartz allegedly submitted false documents to the administrative law judge to have him revoked and falsely imprisoned in retaliation for his complaints. Id. at 13.

  C. Analysis

    1. *Claim 1*

  The state defendants argue that the plaintiff's first retaliation claim—that Schwartz and Arndt signed off on an ATR document resulting in his placement

at Genesis because of complaints he filed—should be dismissed as impermissible claim splitting, which is barred by the doctrine of *res judicata*. Dkt. No. 40 at 3-4. They explain that this claim arises out of the same operative facts as another case the plaintiff filed in this district, <u>Curtis v. Schwartz, et al.</u>, Case No. 18-cv-1822-WED (E.D. Wis.). Dkt. No. 40 at 4.

A plaintiff "cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata." <u>Carr v. Tillery</u>, 591 F.3d 909, 913-14 (7th Cir. 2010) (citations omitted).

> The doctrine of claim splitting is "related to, but distinct from, the doctrine of claim preclusion." *Roumann Consulting Inc. v. Symbiont Construction, Inc.*, Case No. 18-C-1551, 2019 WL 3501527, at *6 (E.D. Wis. Aug. 1, 2019). While both doctrines serve to promote judicial economy and shield parties from vexatious litigation, "claim splitting is more concerned with the district court's comprehensive management of its docket, whereas claim preclusion focuses on protecting the finality of judgments." *Id.* Notwithstanding these differences, claim splitting draws on the law of claim preclusion when determining whether the second lawsuit should be dismissed. Claim preclusion applies where there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action. *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 840 (7th Cir. 2015).

<u>Scholz v. United States</u>, No. 19-cv-1074, 2020 WL 3051565, at *2 (E.D. Wis. June 8, 2020). As to the second element—a final judgment on the merits— "[c]laim splitting . . . applies when the first two elements of claim preclusion are present but final judgment has not yet been entered in the first suit." <u>Roumann</u>, 2019 WL 3501527 at *6 (citing <u>Katz v. Gerardi</u>, 655 F.3d 1212, 1218 (10th Cir. 2011)). "[T]he test for claim splitting is not whether there is

6

Case 2:19-cv-00417-PP   Filed 02/07/22   Page 6 of 10   Document 49

finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." Id. (quoting Katz, 655 F.3d at 1218).

In Case No. 18-cv-1822, the plaintiff alleged facts related to his supervision spanning from August 2018 to when he was taken to Genesis in December 2018. Case No. 18-cv-1822, dkt. no. 16 (second amended complaint). He detailed the circumstances surrounding his signing the ATR, claiming he signed it under duress and that Schwartz told him if he refused to sign it, she would have him "violated and revocation and you will do time in jail." Id. The plaintiff then described how he was taken to Genesis. Id. The plaintiff also alleged that Arndt, who was Schwartz's supervisor, was aware of Schwartz's behavior but failed to intervene. Id. Magistrate Judge William E. Duffin granted the defendants' motion for summary judgment in Case No. 18-cv-1822 and on April 12, 2021, the Court of Appeals for the Seventh Circuit affirmed the decision. See Curtis v. Schwartz, No. 20-2636, 2021 WL 1345412 (7th Cir. April 12, 2021).

In this case, the plaintiff sues Schwartz and Arndt in Claim 1 and includes many of the same allegations he made in Case No. 18-cv-1822, in which he also sued Schwartz and Arndt. The plaintiff cannot use an identical core of operative facts (entering into an ATR which resulted in his being taken to Genesis) to bring two separate lawsuits under §1983: one predicated on duress in his signing the ATR (Case No. 18-cv-1822) and another based on Schwartz and Arndt signing the ATR out of retaliation (this case). The court will grant the state defendants' motion as to the plaintiff's first claim.

7

2. *Claim 3*

The state defendants contend the plaintiff's claim that Schwartz and Thomas fabricated and submitted false documents to the administrative law judge to have him arrested and returned to prison in retaliation for complaints and grievances he filed against them should be dismissed as barred by Heck v. Humphrey. Dkt. No. 40 at 5. According to the defendants, the federal *habeas corpus* statute provides the exclusive remedy for an incarcerated person who challenges the fact or duration of confinement. Id.

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A finding in favor of the plaintiff on his retaliation claim that Schwartz and Thomas fabricated and submitted false documents to the administrative law judge to have him arrested and returned to prison would necessarily imply the invalidity of his revocation. See Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000); Antonelli v. Foster, 104 F.3d 899, 900 (7th Cir. 1997). According to Wisconsin online court records of the plaintiff's criminal case, he has not prevailed in seeking *habeas* relief. See State v. James Curtis, Kenosha County Case No. 17-CM-1594 (last visited Dec. 7, 2021). Finally, the fact that the plaintiff no longer is in custody and cannot pursue *habeas* relief does not affect the court's ruling. See Savory v. Cannon, 947 F.3d 409, 426 (7th Cir. 2020). The court will grant the state defendants' motion as

to the plaintiff's third claim. Defendant Thomas moved to join in the state defendants' motion as to this claim, dkt. no. 41, and the court will grant this motion.

D. Summary

The court will grant the state defendants' motion for judgment on the pleadings and dismiss the plaintiff's first and third claims. The court also will grant defendant Thomas's motion for joinder in the state defendants' motion.

The plaintiff's second claim—that Schwartz and Kucharski restricted his movement at Genesis so that he could not leave the living unit unless he had an emergency medical condition—remains. The court will dismiss defendants Arndt and Thomas because they were not involved in the plaintiff's remaining claim. The court will set deadlines for the completion of discovery and for filing motions for summary judgment on the merits of the remaining claim.

## II. Conclusion

The court **GRANTS** the motion for judgment on the pleadings filed by defendants Arndt, Kucharski and Schwartz as to the first and third claims. Dkt. No. 39. The court **ORDERS** that (1) claim 1 that Lisa Schwartz and Jennifer Arndt signed off on an "ATR document" for the plaintiff's transfer to an inpatient facility, Genesis; and (2) claim 3 that Schwartz and Delnita Thomas fabricated and submitted false documents to the administrative law judge to have the plaintiff arrested and returned to prison are **DISMISSED**.

The court **GRANTS** defendant Thomas's motion for joinder. Dkt. No. 41.

The court **DISMISSES** defendants Arndt and Thomas.

9

The court **DENIES AS MOOT** the state defendants' motion to dismiss for failure to prosecute. Dkt. No. 47.

The court **DENIES** the plaintiff's motion for an extension of time to respond to the motion for judgment on the pleadings. Dkt. No. 48.

The court **ORDERS** that the deadline for the parties to complete discovery on Claim 2 (the remaining claim) is **June 7, 2022** and the deadline for filing motions for summary judgment is **July 8, 2022**. The court notes that parties must serve discovery demands far enough in advance of the June 7, 2022 deadline that the opposing party will have at least thirty days to respond. In other words, the latest date a party may serve discovery demands is thirty days before June 7, 2022. Parties must serve their discovery demands on the opposing party; they must not file discovery demands with the court.

Dated in Milwaukee, Wisconsin this 7th day of February, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**